**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PATRICK L. GREEN,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-780-GPM** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL NO. 03-30010-GPM** |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not responded to it. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement, Petitioner entered a plea of guilty to one count of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of possession with intent to distribute methamphetamine, one count of possession with intent to distribute cocaine base, and one count of possession with intent to distribute a mixture or substance containing cocaine hydrochloride, all in violation of 21 U.S.C. § 841(a)(1). On August 25, 2003, Petitioner was sentenced to 108 months imprisonment on each count, to be served concurrently, four years supervised release, a special assessment of $400, and a fine of $1,000. No appeal was taken; this Section 2255 motion was filed on October 31, 2005.

Petitioner entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and

to a collateral attack under Section 2255.  Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  Acknowledging all this, the Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, including any ordered restitution, in exchange for the concessions made by the United States in this plea agreement.  The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Plea agreement at ¶ II-13 (Doc. 18, criminal case).

The Seventh Circuit Court of Appeals has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary.  *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997); *accord United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995); *see also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir. 1995).  A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed.  *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit Court of Appeals has found that a waiver of Section 2255 relief in a plea agreement is enforceable and should be treated no differently than the waiver of a direct appeal.  *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).  Indeed, the Court of Appeals has specifically stated that both statutory and constitutional rights can be waived in a plea agreement.  *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.

Petitioner states essentially two inter-related grounds for relief:  (1) that the Court was without jurisdiction to render judgment because the statute Petitioner was charged with violating

does not have an enactment clause, and (2) that a law without an enacting clause is not a valid law. Petitioner does not contend that his sentence was not within the maximum provided for in the statute nor does he contend that the Court relied upon any impermissible factors such as race or gender in determining his sentence.  Consequently, there is no basis in the record for avoiding this waiver.

Even if the Court were to find the waiver unenforceable, this motion also is barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2255.  Petitioner was sentenced on August 25, 2003. He did not file a direct appeal; therefore, for purposes of Section 2255, Petitioner's conviction became final in September 2003.  *See Moshier v. United States*, 402 F.3d 116, 118 (3rd Cir. 2005) (unappealed federal criminal judgment becomes final for purposes of calculating time to file a § 2255 motion when time for filing direct appeal expires).  Petitioner filed the instant motion on October 31, 2005, over one year too late.

Because the waiver provisions of the plea agreement are enforceable, Petitioner has waived any right to bring this Section 2255 motion.  Furthermore, the motion is barred by the statute of limitations.  Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED:  05/09/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge